UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Association Insurance Company, | ) | Civil Action No.: 4:15-cv-04424-RBH |
| now known as American Builders Insurance | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Rivergate Construction Company, Inc.; | ) | |
| Tych & Walker Architects, LLP; James R. | ) | |
| McDonald; Cynthia T. McDonald; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Association Insurance Company ("Plaintiff"), represented by counsel, filed this

declaratory judgment action on October 30, 2015.  On March 8, 2016, the Court issued a Text Order

providing notice to Plaintiff that the case would be dismissed without prejudice pursuant to Rule

4(m) of the Federal Rules of Civil Procedure if, by March 18, 2016, Plaintiff did not file proof of

service, or show good cause why Defendants had not been served within the time prescribed by

Rule 4(m), Fed. R. Civ. P. *See* [ECF No. 6].  To date, Plaintiff has not filed a proof of service or any

response or reply to the Court's Text Order #6.

At the time this complaint was filed, the Federal Rules of Civil Procedure required that a

defendant be served with a summons and a copy of the complaint within 120 days after the

complaint is filed, or for removal cases, within 120 days from the date of removal.  Fed. R. Civ. P.

4(m); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010). Effective December 1, 2015,

Rule 4(m) was amended to shorten the time from 120 days to 90 days.  A plaintiff may escape

dismissal for failure to timely serve process only if he demonstrates "good cause" for the delay.

Fed. R. Civ. P. 4(m).  To show "good cause," a plaintiff must demonstrate that he made

"'reasonable, diligent' efforts to effect service on the defendant." *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D.W.Va.1996). Courts typically find good cause to extend the Rule 4(m) time limit where "'external factors . . . stifle a plaintiff's due diligence' in effecting service." *McCollum v. Genco Infrasructure Solutions*, No. 3:10-cv-210, 2010 WL 5100495, *2 (E.D. Va. Dec. 7, 2010) (quoting *T & S Rentals*, 164 F.R.D. at 425). Typically, good cause is found to exist when some outside factor, rather than inadvertence or negligence, prevented service. *Clyburn v. Champagne*, No. 6:10-1925-TMC, 2012 WL 4478971, *5 (D.S.C. Sept. 28, 2012); *see also* 4B Charles Alan Wright & Alan R. Miller, *Federal Practice and Procedure: Civil* § 1137 (3d ed. 2002) (observing that "good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server"). "Counsel's negligent failure to perfect service does not support a showing of good cause." *Id.* (citing *McCollum*, 2010 WL 5100495, at *2).

However, "[e]ven if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service." *See Giacomo–Tano v. Levine*, 199 F.3d 1327, *1 (4th Cir. 1999) (Table) (citations omitted). If a plaintiff requests an extension of time after the expiration of the 120 day limitation period, he must also show that he "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect is not easily demonstrated." *Martinez v. United States*, 578 Fed. App'x 192, 194 (4th Cir. 2014) (quoting *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996) (internal quotation marks omitted). The Fourth Circuit "ha[s] held that 'a party that fails to act with diligence will be unable to establish that [her] conduct constituted excusable neglect.'" *Id.* (quoting *Robinson v. Wix Filtration Corp.*, LLC, 599 F.3d 403, 413 (4th Cir. 2010)).

Plaintiff failed to make a showing of good cause or excusable neglect and Plaintiff has offered no explanation or reason as to why it failed to serve Defendants with a copy of the Summons and Complaint.  Therefore, this case is dismissed without prejudice.

IT IS THEREFORE ORDERED that this case is DISMISSED without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

March 21, 2016                                    s/ R. Bryan Harwell
Florence, South Carolina                         R. Bryan Harwell
                                                 United States District Judge

3